UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAINIER JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01610-TWP-DML |
| ) | |
| Superintendent ZENK, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on the petition of Rainier Johnson ("Mr. Johnson") for a writ of habeas corpus (Dkt. 1). Mr. Johnson challenges a prison disciplinary proceeding identified as case number WVE 12-02-0108. For the reasons explained in this Entry, Mr. Johnson's habeas petition must be **DENIED**.

**I.   DISCUSSION**

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

**B.     The Disciplinary Proceeding**

On February 22, 2012, Mr. Johnson was charged with violating prison rules for possessing an electronic device, namely a compact disk ("CD"). Officer R. Robbins prepared a conduct report which reads as follows:

> On 2/22/12 I c/o R. Robbins did perform a shakedown in North Industries wire shop at approximately 0630 hours. In Offender Johnson, Rainier L. C.O.C. # 995011, area I did find a box that contained Johnson's personal items, such as ; state pay stubs, wire shop "hours sheets" (signed by Johnson), and a "work eval", a picture of Johnson, all belonging to offender Johnson. Also in this box I found a Memorex CD (in a red paper envelope) and a small bundle of wires, that contained a head phone wire that had been altered.

(Dkt. 11-1, Exh. A). A Notice of Confiscated Property was filled out which described the confiscated items, specifically that a Memorex CD in a red paper envelope was found along with a small bundle of wire containing a headphone wire that was altered. (Dkt. 11-2, Exh. B).

Mr. Johnson was notified of the charge on February 22, 2012, when he was provided a copy of the Report of Conduct (conduct report) and the Notice of Disciplinary Hearing (screening report). Mr. Johnson was notified of his rights, pled not guilty and requested the assistance of a lay advocate who was appointed. Mr. Johnson requested Steve Martin as a witness and Mr. Martin provided a statement to the hearing officer.

The hearing officer conducted a disciplinary hearing for case number WVE 12-02-0108 on February 29, 2012. The hearing officer found the conduct report, offender's statement, the confiscation form and the physical evidence, namely the CD, supported the charge and found Mr. Johnson guilty of a violation of disciplinary rule B207. The hearing officer imposed the following sanctions: (1) a written reprimand to not have State CDs with his personal items; (2) a one month commissary loss; and (3) a 15-day loss of earned credit time.

Mr. Johnson appealed the hearing officer's decision to the Facility Head and the Final Reviewing Authority without success. On November 1, 2012, Mr. Johnson filed the present petition for habeas corpus relief.

**C.     Analysis**

In his petition, Mr. Johnson raises two grounds for relief: (1) his disciplinary conviction was based upon insufficient evidence; and (2) he was denied a fair and impartial hearing. As to the first ground, the "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report, the confiscation form, and the CD itself that Mr. Johnson used or possessed a CD. The conduct report states that a CD was found in a box which contained other personal items belonging to Mr. Johnson, namely, State pay stubs, wire shop "hours sheets" (signed by Mr. Johnson), a work evaluation and a picture of Mr. Johnson. The fact that the CD was found among Mr. Johnson's other personal items is evidence of his possession of the CD. In addition, Mr. Johnson admits that he (along with other inmates) had access to the box where the CD was found.

Mr. Johnson's argument that due process was denied because the hearing officer did not consider the statement presented by his supervisor, Steven Martin, is not persuasive. Mr. Martin's statement provides in relevant part, "that Offender Johnson['s] area is a[n] open area anyone can get in his area. The CD was found in a box with his stuff like pictures, check stubs, and our company labels he used with printing his name on." Dkt. 11-5. Mr. Martin's statement that other workers have access to the area where the CD was found is not outcome determinative. Mr. Martin's statement also substantiated the conduct report which states the CD was found in a box with Mr. Johnson's personal items.

The hearing officer's finding was based on enough evidence, albeit it circumstantial, to satisfy due process and Mr. Johnson is not entitled to relief on this ground. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Mr. Johnson's second ground for relief is that he was denied a fair and impartial hearing. Mr. Johnson failed to raise this issue on appeal. See Dkt. 11-7. Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal of each claim which is later asserted in a federal habeas petition, constitutes a procedural default. Mr. Johnson has procedurally defaulted any issue relating to a fair and impartial hearing.

To the extent Mr. Johnson argues that other inmates were found not guilty when contraband was found in a common area, the equal protection clause does not require a hearing officer to find an inmate not guilty of disciplinary charges just because the hearing officer previously found other inmates not guilty of similar charges in similar circumstances. *Boyd v. Anderson*, 265 F.Supp.2d 952, 963 (N.D. Ind. 2003). Mr. Johnson is not entitled to relief on this basis.

## II. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Johnson to the relief he seeks. Accordingly, Mr. Johnson's petition for a writ of habeas corpus (Dkt. 1) must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 06/03/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Rainier Johnson, #995011
New Castle - CF
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Elizabeth C. Rogers
OFFICE OF THE INDIANA ATTORNEY GENERAL
elizabeth.rogers@atg.in.gov

Janine Steck Huffman
OFFICE OF THE INDIANA ATTORNEY GENERAL
janine.huffman@atg.in.gov